UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAR-FRESHNER CORPORATION, and ) <br> JULIUS SÄMANN LTD. ) <br> ) <br> Plaintiffs, ) <br> ) Civil Action No. 07-CV-456 (TJM/GJD) <br> vs. ) <br> ) <br> AAA MANUFACTURING, INC. ) <br> d/b/a AAA LINE, ) <br> Defendant. ) | |

## ORDER AND JUDGMENT

Plaintiffs, Car-Freshner Corporation and Julius Sämann Ltd. ("Plaintiffs"), brought this action against Defendant for violations of the Trademark Act, 15 U.S.C. §§ 1051 *et seq.*, for common law trademark infringement and unfair competition under New York law, and for violation of the New York General Business Code § 360-l.  Subject matter jurisdiction over these claims is conferred pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).  *See* Complaint (Court's Docket No. 1).

Defendant, AAA Manufacturing, Inc. d/b/a AAA Line, has failed to file an Answer or other responsive papers to the Complaint, and its time to do so has expired.  *See* Rule 12(a), Fed. R. Civ. P.; *United States v. Alcan Aluminum Corp.*, No. 5:03-CV-0765 (NPM/RFT), 2006 WL 1133291, at *5 (N.D.N.Y. Apr. 26, 2006)(McCurn, Senior D.J.).  On May 30, 2007, Plaintiffs filed a Request for Entry of Default against Defendant, pursuant to Rule 55(a), Fed. R. Civ. P., and Northern District Local Rule 55.1.  The Clerk's Office entered Defendant's Default on May 31, 2007.  *See*  Request for Clerk's Certificate of Entry of Default (Court's Docket No. 6); Clerk's Entry of Default (Court's Docket No. 7); Rule 55(a), Fed. R. Civ. P.; N.D.N.Y.L.R. 55.1.

By Order entered June 4, 2007, this Court directed Plaintiffs to file any motion for default judgment within thirty (30) days. (Court's Docket No. 8). Plaintiffs have now timely moved for default judgment against Defendant. *See* Plaintiffs' Motion for Entry of Default Judgment. (Court's Docket No. 9).

Following review of the Record and the submissions of Plaintiffs, as well as the relevant statutes and case law, and after considering all of the relevant factors to be weighed in this matter, the Court finds that Plaintiffs' Motion for Entry of Default Judgment against Defendant should be and is hereby granted. The Court further finds that Plaintiffs have met the requirements for showing that a permanent injunction is proper in this case.

Trademark owners are entitled to the issuance of a permanent injunction to protect their marks from repeated infringement where likelihood of success on the merits and irreparable harm are established. *The Brannock Device Co. v. ABC Industries, Inc.*, 2006 U.S. Dist. LEXIS 64661 at *19 (N.D.N.Y. 2006) (granting default judgment for trademark infringement, false designation of origin, dilution and breach of contract and entering permanent injunction).

Plaintiffs have demonstrated that their marks are valid (pursuant to subsisting and incontestable federal registrations), and that Plaintiff Julius Sämann Ltd. is the owner of these marks and, the federal registrations therefor. By Defendant's default, Plaintiffs' claim of trademark priority is unchallenged. Plaintiffs further have demonstrated likelihood of confusion and dilution pursuant to the requisites of Trademark Act Sections 32(1), 43(a) and 43(c), 15 U.S.C. §§ 1114(1), 1125(a), and 1125(c); *see also*, *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495 (2d Cir. 1961).

Plaintiffs also have established their right to a permanent injunction by demonstrating that they have suffered irreparable injury, that remedies available at law, such as monetary

damages, are inadequate to compensate for that injury, that, considering the balance of hardships between Plaintiffs and Defendant, a remedy in equity is warranted, and that the public interest will be served by the issuance of a permanent injunction. *Ebay, Inc. v. Mercexchange, L.L.C.*, __ U.S. __, 126 S. Ct. 1837, 1839 (2006).

**THEREFORE**, the Court hereby orders that Defendant is permanently enjoined (pursuant to Trademark Act Section 34, 15 U.S.C. § 1116) from any further unauthorized or unlicensed use of any of Plaintiffs' CAR-FRESHNER and/or Tree Design trademarks, and

Based upon the foregoing, it is now

**ORDERED**, that Plaintiffs' Motion for Entry of Default Judgment (Court's Docket No. 9) is **GRANTED**. The Clerk shall enter Default Judgment against Defendant; and it is further

**ORDERED**, that the Court hereby issues a **PERMANENT INJUNCTION** against Defendant; and thus Defendant, its agents, servants, officers, directors, employees and any other persons or entities in active concert or participation with Defendant, are **PERMANENTLY ENJOINED** from the following:

(i) any further unauthorized or unlicensed use of Plaintiffs' CAR-FRESHNER and/or Tree Design marks, which are the subject of U.S. Registration Nos. 675,796, 719,498, 1,131,617, 1,781,016, 1,791,233, and 1,942,464, or any marks confusingly similar thereto;

(ii) any manufacturing, procurement, advertising, promotion, distribution or sale of any air fresheners shaped as and/or bearing a tree design in either of the following forms:

 

U.S. Reg. No. 719,498     U.S. Reg. No. 1,781,016

, or any design(s) confusingly similar thereto, such as:



(iii)  any manufacturing, procurement, advertising, promotion, distribution or sale of any air fresheners under the designation CAR FRESHENERS, or any confusingly similar terms;

(iv)  any display or other depiction on the Internet including, but not limited to, on or through the websites at the URLs http://www.aaaline.com and/or http://www.aaalineworld.com, or in catalogues available on or through either or both of those websites, of air fresheners shaped as and/or bearing a tree design in any of the forms shown above, in animated form, or promoted or advertised under the designation CAR FRESHENERS;

(v)  from taking any action to induce beliefs on the part of consumers that Defendant's products or business are in any way connected with Plaintiffs' products or business; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

DATED:   September11 , 2007

Thomas J. McAvoy
Senior, U.S. District Judge